**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eugene Johnson, et al., | No. CV-22-08180-PCT-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

    Pending before the Court is the parties' joint statement of discovery dispute. (Doc. 83.) The issue is as follows. Defendant Wells Fargo ("Defendant") previously noticed the deposition of Plaintiffs' retained expert, Timothy Dimoff ("Dimoff"), for February 26, 2025. The four-hour deposition was to occur via Zoom. However, about an hour before the deposition was scheduled to begin, defense counsel "sustained an acute injury." As a result, the deposition never commenced and counsel for both sides agreed to reschedule Dimoff's deposition for a later date. The parties are now in the process of rescheduling the deposition but disagree over Dimoff's fee.

    Rule 26(b)(4)(E)(i) provides, in relevant part, that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." *Id.* "What constitutes a 'reasonable fee' . . . lies within the Court's sound discretion." *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545-46 (D. Ariz. 1999). Here, Dimoff's usual fee schedule is to charge a flat fee of $4,000 for being deposed, with "[n]o refund for an [sic] deposition that

is cancelled less than 5 days prior to the scheduled deposition date." (Doc. 83 at 3.) Plaintiffs thus argue that Defendant should be required to pay $8,000 to Dimoff, consisting of $4,000 for the initially scheduled deposition and another $4,000 for the rescheduled deposition. (*Id.*) According to Plaintiffs, "Mr. Dimoff reserved the scheduled time for this deposition and the last-minute cancellation could not be offset with other work opportunities. Mr. Dimoff further spent time preparing for the deposition so as to be prepared to competently testify about the report and subject matter of the litigation; work he will now have to review in advance of the deposition." (*Id.*) Defendant, in turn, argues that although Dimoff's $4,000 deposition fee is "outrageous," "wildly high," and "does not befit his credentials," it is willing to pay Dimoff $4,000 (and, in fact, has already done so) but should not be required to pay $8,000, particularly where "Dimoff was not required to be anywhere [before the earlier cancellation], he was never logged onto the Zoom platform to begin, and thirty minutes prior to the start time, Dimoff was assuredly on to other work. It is hard to believe that for the next four and a half hours, Dimoff sat at his computer and twiddled his thumbs." (*Id.* at 2.)

Having considered the parties' arguments, the Court concludes that $4,000 is the maximum fee Defendant should be required to pay Dimoff under the circumstances. In the Court's experience, it is almost always possible for an expert to turn to other work, "such as reviewing records in other cases in which he is serving as an expert," "as soon as his deposition . . . concludes." *Nyerges v. Hillstone Restaurant Grp. Inc.*, 2020 WL 4049826, *2 (D. Ariz. 2020). Of course, this might not always be possible, "such as in the case of a doctor who cannot immediately start working on another compensable matter as soon as the deposition ends (due to need to coordinate schedules with patients)," *id.*, but Plaintiffs have not explained why Dimoff was unable to turn to other work once his deposition on February 26, 2025 was cancelled. Nor does it seem plausible that Dimoff was unable to do so, given that Dimoff "does not have a doctorate or any other type of higher education degree" and was never forced to leave his own office. (Doc. 83 at 2.) Finally, although Plaintiffs are correct that rescheduling the deposition may cause Dimoff

- 2 -

to repeat some of the preparation work he performed in anticipation of the earlier deposition date, the Court is still satisfied that an overall payment of $4,000 to Dimoff to compensate him for being remotely deposed once for four hours, after preparing to be deposed twice, is sufficient to constitute "reasonable" compensation under Rule 26(b)(4)(E)(i). *Compare Massasoit v. Carter*, 227 F.R.D. 264, 267 (M.D.N.C. 2005) ("[D]efendants have not shown a reasonable basis for the expert's $2,000.00 flat rate fee for a deposition at his own office.").

Accordingly,

**IT IS ORDERED** that the parties' joint statement of discovery dispute (Doc. 83) is **resolved in favor of Defendant**, as explained above.

Dated this 5th day of May, 2025.

_____
Dominic W. Lanza
United States District Judge